**Robert W. PARKER et al., Plaintiffs,**

v.

**UNITED STATES of America; Clifford Hardin, individually and as Secretary of Agriculture of the United States; Edward P. Cliff, individually and as Chief, United States Forest Service; David S. Nordwall, individually and as Regional Forester; James O. Folkestad, individually and as Supervisor, White River, National Forest, United States Department of Agriculture and Kaibab Industries, an Arizona Corporation, Defendants.**

Civ. A. No. C–1368.

United States District Court
D. Colorado.

Dec. 24, 1969.

H. Anthony Ruckel, Richard D. Lamm, Tom W. Lamm, William A. Hillhouse, II, Roger P. Hansen, James R. Wade, Denver, Colo., Lawrence B. Robinson, Donald M. Carmichael, Boulder, Colo., for plaintiffs.

Dawson, Nagel, Sherman & Howard, by W. David Pantle, Denver, Colo., by special appearance for plaintiff Colorado Magazine, Inc.

James L. Treece, U. S. Atty., James R. Richards, Asst. U. S. Atty., Denver, Colo., by Nelson H. Grubbe, Atty., U. S. Dept. of Justice, Washington, D. C., for defendants.

Holme, Roberts & Owen, by Donald C. McKinlay, Denver, Colo., Jennings, Strouss, Salmon & Trask, by Thomas J. Trimble, Phoenix, Ariz., for defendant Kaibab Industries.

John H. Tippit, Denver, Colo., Davies, Biggs, Strayer, Stoel & Boley, by James P. Rogers, Portland, Ore., for intervenor Western Wood Products Association.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

Plaintiffs bring this action seeking a declaratory judgment that a proposed sale of timber by defendants in the East Meadow Creek Area of White River National Forest, Colorado, is unlawful. They further seek to enjoin the named defendants from selling the timber until such time as certain required studies and investigations are made concerning the propriety of the timber sales and the applicability of the Wilderness Act, 16 U.S.C. § 1131 et seq., to East Meadow Creek.

East Meadow Creek is contiguous to the Gore Range Eagles Nest Primitive Area, both of which are located in White River National Forest. The United States Forest Service contracted with defendant Kaibab Industries for the sale to the latter of approximately 4.3 million board feet of timber located in the East Meadow Creek Area. Plaintiffs claim that the procedures required by the Multiple Use-Sustained Yield Act, 16 U.S.C. § 528 et seq. and the Wilderness Act, 16 U.S.C. § 1131 et seq. were not met, and hence the same is unlawful and should be enjoined.

Defendants United States of America and Kaibab Industries and the Intervenor, Western Wood Products Association, have moved for summary judgment on the grounds that: (1) the matter of timber sales is within the discretion of certain executive officers and hence is not subject to judicial review; (2) plaintiffs have no standing to challenge the proposed timber sale; (3) this is an unconsented suit against the government and hence barred by sovereign immunity; (4) an injunction would not serve to protect the area because mining claimants would still have the right to remove timber; and (5) there is no material issue of fact presented and defendants are entitled to prevail as a matter of law. These issues have been briefed and argued and considered. We conclude that the motion for summary judgment must be denied.

Defendants raise two threshold contentions. First, that the plaintiffs have no standing to question either the decision or the procedures of the Forest Service since they would not be, accord-

ing to the argument, aggrieved by an adverse decision. Second, defendants urge that this is an unconsented suit against the government and is thus barred by the doctrine of sovereign immunity. Inasmuch as these are legal questions which, if decided adversely to plaintiffs would terminate the litigation, we are called upon to consider them before reaching the inquiry of whether there are genuine issues of fact to be tried.

■ As to the standing of the plaintiffs, we note that among the persons bringing this action are several residents and property owners in the nearby town of Vail, Colorado; a guide who conducts wilderness trips into East Meadow Creek; the Eagles Nest Wilderness Committee, Colorado Open Space Coordinating Council, and the Sierra Club, conservation groups; the town of Vail; and Colorado Magazine. Under 5 U.S.C. § 702, any person "adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." The Multiple Use-Sustained Yield Act, 16 U.S.C. § 528 and the Wilderness Act, 16 U.S.C. § 1131, and the required procedures thereunder, were in part designed to protect the public interest in the preservation of the scenic and recreational aspects of certain public lands. It cannot be denied that plaintiffs are advancing the public interest; also they have special interest in the values which Congress sought to protect by enacting the above mentioned statutes. We conclude that these statutes confer on groups and individuals such as the plaintiffs the status of "aggrieved persons" when the Secretary of Agriculture or the Forest Service fails to comply with the mandatory requirements of the Acts. *See, e. g.,* Scenic Hudson Preservation Conference v. FPC, 354 F.2d 608 (2d Cir. 1965), cert. denied, Consolidated Edison Co. of New York Inc. v. Scenic Hudson Preservation Conference 384 U.S. 941, 86 S.Ct. 1462, 16 L.Ed.2d 540 (1966); Office of Communication of United Church of Christ v. FCC, 123

U.S.App.D.C. 328, 359 F.2d 994 (1966); Sierra Club v. Hickel, No. 51464 (N.D. Cal., July 23, 1968).

■ We turn now to the argument that this is an unconsented suit against the government which is barred by the doctrine of sovereign immunity. The Supreme Court has recognized that the applicability of this doctrine is not dependent upon the denomination of the party defendant. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). In the present case plaintiffs claim that the various named government officials have acted outside of and in excess of any statutory authority conferred upon them. Such a claim clearly takes this action outside the scope of sovereign immunity, for if the plaintiffs' claim proves true, the actions of the defendants must be considered individual rather than sovereign acts. *See, e. g.,* Larson v. Domestic & Foreign Commerce Corp., *supra;* Powelton v. Civic Home Owners Ass'n v. Department of Housing and Urban Development, 284 F.Supp. 809; Abbott Laboratories v. Celebrezze, 228 F. Supp. 855 (D.Del.1964), aff'd sub nom. Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

In addition, there are issues of fact to be tried. The first of these is whether the Secretary has given due consideration to the relative values of the various resources in particular areas as required by the statute, 16 U.S.C. § 529. It is true that neither the Multiple Use-Sustained Yield Act, 16 U.S.C. § 528 et seq. nor the Wilderness Act, 16 U.S.C. § 1131 et seq. expressly require judicial review. However, the Administrative Procedure Act, 5 U.S.C. § 702, does state:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

We cannot overlook 5 U.S.C. § 704. This provides:

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.

■ Defendants contend that the foregoing provisions do not apply to this case because of the fact that the Administrative Procedure Act commits the present question to agency discretion. No doubt the decision to sell timber is in the discretion of the Forest Service. However, as indicated above, the Secretary must give due consideration to the relative values of the various resources before making his decision, and there is no compromise with this requirement. It follows that whether the Secretary gave this consideration is a matter that the Court can review. *See, e. g.*, Powelton Civic Home Owners Ass'n v. Department of Housing and Urban Development, 284 F.Supp. 809, 819–820 (E.D. Pa.1968). Agency action taken without fulfilling this mandate would be arbitrary and capricious, and, accordingly, reviewable under 5 U.S.C. § 706.

Still another issue of fact is whether the area here in question falls clearly within the definition of wilderness under the standards of 16 U.S.C. § 1131(c), and also whether it is ecologically interrelated with the primitive area. If it does satisfy these standards, the Secretary would have no discretion but would have to report to the President as to the suitability of these contiguous areas for wilderness classification. Accordingly, this case cannot be disposed of without furnishing to the plaintiffs an opportunity to establish that the areas in question are so clearly wilderness in character as to require action by the Secretary in respect to them.

■ Finally, as to the question whether the present efforts of the plaintiffs to obtain prior relief are appropriate, suffice it to say that if the timber is sold the question would suddenly become moot. The trees can, of course, always be cut down, but they cannot be restored if they have already been cut. We conclude that the plaintiffs are entitled to an opportunity to present their evidence as to the character of this area, its interrelationship with the neighboring primitive area, and its suitability as a wilderness within the definition of the statute, 16 U.S.C. § 1131(c).

The motions of the defendants should be and the same are hereby denied.